UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VOICE TELE SERVICES INC.,                      :
                                                              :      Civ. Action No.:
                    Plaintiff,                   :      19-cv-5257 (JSR)(JLC)
                                                              :
                                                              :
         v.                                         :
                                                              :
ZEE TELECOMS LTD.,                           :
                                                              :
                    Defendant.                  :
-------------------------------------------------------------X

**PLAINTIFF VOICE TELE SERVICES INC.'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT**

Shira Rosenfeld Grossman (SG 5392)
ROSENFELD LAW, PLLC
6309 Mount Vernon Oaks Drive
Atlanta, Georgia 30328
Email: shira@outgc.com
Telephone: (646) 637-3226

*Attorneys for Allied World Assurance Specialty Insurance Company, Assignee of All Claims Asserted in This Action by Plaintiff Voice Tele Services Inc.*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ............................... 2

ARGUMENT ........................................................................................................................ 6

POINT I: PERSONAL JURISDICTION OVER ZEE EXISTED AT
THE TIME THE COURT ORDERED THE DEFAULT JUDGMENT
AND SHOULD NOT BE VACATED UNDER FED. R. CIV.P. 60(b)(4) ................................... 6

    A.  VTS's Service On Zee Constitutes Effective Service
    Under Fed. R. Civ. P. 4(h)(2) And, By Extension, 4(f) ...................................................... 6

    B.  Zee Bears the Burden of Proof That Proper Service Did Not Occur ...........................10

    C.  Zee Failed to Meet Its Burden of Proof Because
    The Sole Declaration Lacks Credibility and Evidence ......................................................11

    D.  VTS's Evidence Demonstrates That Zee Cannot Sustain Its Burden of Proof.............12

    E.  VTS's Service on Zee Satisfied Constitutional Due Process ..................................... 13

CONCLUSION...................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Baskett v. Autonomous Research LLP,*
2018 WL 4757962 (S.D.N.Y. Sept. 28, 2018)..........................................................................7, 9

*Burda Media Inc. v. Viertel,*
417 F.2d 292 (2d Cir. 2005)............................................................................... 7, 10, 11, 12, 13

*Fallman v. Hotel Insider, Ltd.,*
2016 U.S. Dist. LEXIS 140158 (S.D.N.Y October 7, 2016) ....................................................... 10

*GMA Accessories, Inc. v. BOP, LLC,*
2008 U.S. Dist. LEXIS 26120 (S.D.N.Y. Mar. 20, 2008)............................................................10

*Voice Tele Services, Inc. v. Impex Communication Ltd.,*
Civ. 19-cv-5245 (VEC) (S.D.N.Y. 2016)................................................................... 7, 8, 9, 13

*Volkswagenwerk Aktiengesellschaft v. Schlunk,*
486 U.S. 694, 705, 108 S. Ct. 2104, 2111 (1988)…………………………………………………8

**Statutes**

Convention on the Service Abroad of Judicial and
Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965....................................7
Companies Act, Section 1139(1) ...................................................................................................8
 CPR Part 6, supplemented by Practice Direction 6A
Rules 6.3(1)(c), 6.3(2)((a) and (b), 6.7, 6.8, 6.8(a), 6.9, 6.10. ......................................................8
Fed. R. Civ. P. 4(f) ................................................................................................*passim*
Fed. R. Civ. P. 4(h)(2) ............................................................................................*passim*
Fed. R. Civ. P. 60(b)(4). ............................................................................................... 1,2, 6, 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VOICE TELE SERVICES INC.,                    :
                                             :         Civ. Action No.:
            Plaintiff,                       :         19-cv-5257 (JSR)(JLC)
                                             :
                                             :
                                             :
       v.                                    :
                                             :
ZEE TELECOMS LTD.,                           :
                                             :
            Defendant.                       :
-------------------------------------------------------------X

### PLAINTIFF VOICE TELE SERVICES INC.'S MEMORANDUM OF LAW
### IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

Plaintiff Voice Tele Services Inc. ("VTS") submits this memorandum of law in opposition to defendant's motion to vacate default judgment.

### PRELIMINARY STATEMENT

The default judgment against defendant Zee Telecoms Ltd. ("Zee"), entered on July 12, 2019, should not be vacated pursuant to Fed. R. Civ. P. 60(b)(4) on the basis it is void for lack of personal jurisdiction because the hand delivery of the summons and Complaint to Richard Cooper, owner and sole director of Hold Everything, a virtual service company with which Zee had an account, and the only company physically located on the third floor of 207 Regent Street, London, W1B 3HH, United Kingdom ("UK"), constitutes effective service under Fed. R. Civ. P. 4(h)(2) and by extension, 4(f), as service was made in accordance with the applicable Hague Convention's provisions for service under UK law. In addition, Zee had actual notice of the litigation as evidenced by an email from Rahim Mayet ("Mr. Mayet"), Zee's founder and managing director. to VTS's counsel two days before the initial court conference requesting a twenty-eight day extension to settle the pending litigation, and therefore has the burden of proof to prove that service

1

was not effectuated. Zee cannot meet this burden because its sole support, Mr. Mayet's declaration, lacks credibility and evidence because it fails to and cannot adduce any evidence to sustain its claim that Zee has a separate office from Hold Everything, a business with which it claims no connection, on the third floor of 207 Regent Street that should have been served. Moreover, VTS presents ample evidence that Hold Everything is the only office on the third floor of 207 Regent Street, and that Zee has a virtual office services account with Hold Everything. Lastly, service on Zee complies with constitutional due process because service was reasonably calculated to provide notice as it is good service in the UK according to this Court's prior order, and Mr. Mayet had actual notice of the litigation in less than two weeks after service. Based on the foregoing and as fully briefed below, the default judgment should not be vacated pursuant to Fed. R. Civ. P. 60(b)(4) because VTS's service of the summons and Complaint on Zee was proper, thereby establishing this Court's personal jurisdiction.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On June 4, 2019, VTS, a U.S.-based limited liability company, filed a complaint with claims of breach of contract and account stated against Zee, a U.K.-based privately held limited company, for failure to pay three invoices totaling $350,378.93 for telecommunication services VTS rendered to Zee pursuant to the parties' Reciprocal Carrier Services Agreement ("Agreement") entered on October 30, 2018. (Dkt. 1, 1-1.) On June, 5, 2019, VTS filed a Request for Issuance of Summons, which was issued by the Court on June 6, 2019. (Dkt. 6, 7.) The UK Register of Companies, which is held at Companies House available online, lists Zee's registered office as 207 Regent Street, London, England, W1B 3HH. (Witness Statement (Declaration) of Carlyn Anne Weale, dated December 18, 2020 ("Weale Dec.") ¶ 7, Exhibit CAW3.) The Companies House filing history for Zee shows that the registered office address was changed from

225 Marsh Wall London E14 9FW United Kingdom to 207 Regent Street London W1B 3HH on December 5, 2018.  (Declaration of Shira Grossman, dated December 29, 2020 ("Grossman Dec."),  Ex. 1.)

On June 12, 2019 at 13.15 hours (1:15 p.m.), process server Julian Matthew Paul Rozario ("Mr. Rozario"), served Zee at its registered office by leaving a copy of the summons, complaint and its attached exhibit with Mr. Cooper, owner and sole director of Hold Everything, located on the third floor at 207 Regent Street, London, England, W1B 3HH.  (Dkt. 8; Grossman Dec., Exs. 2, 3; Declaration of Richard Cooper, dated December 29, 2020 ("Cooper Dec." ¶ 1.) Hold Everything is the only company that leases and occupies the third floor of 207 Regent Street. (Cooper Dec. ¶ 3.)  There are no other companies, including Zee, that has a separate physical office on the third floor of 207 Regent Street. (Id.)

Hold Everything provides virtual services where companies can use 207 Regent Street as its registered business address even though they do not have a permanent physical presence at that location.  (Id. at ¶ 4.)  For companies that use its services, they are able to forward mail to their actual physical location. (Id. at ¶ 5.)  In order to find businesses willing to its virtual services on the third floor of 207 Regent Street, Hold Everything uses agents as brokers that resells its virtual office services. (Id. at ¶ 6.)  One of its brokers is CityOffice, which on its website, www.yourcityoffice.com, states that it partners with business center operators and works with referral affiliates.  (Cooper Dec ¶ 7; Grossman Dec. Ex. 4.)  Hold Everything obtained the virtual services account for Zee from CityOffice, which allows Zee to use 207 Regent Street as its registered business address.  (Id. at ¶ 8.)  Zee currently has an active account with Hold Everything to use its address at 207 Regent Street as its registered business address.  (Id. at ¶ 9.)

3

Mr. Cooper forwarded the documents to Zee at its forwarding address obtained from Hold Everything's files. (Cooper Dec. ¶ 10; Grossman Dec. Ex. 5, Dkt. 1-1.) On June 17, 2019, Mr. Rozario's Declaration of Service was filed with the Court. (Dkt. 8.)

On June 25, 2019, the Court issued a Notice of Conference ("Notice") requiring VTS's counsel to furnish a copy of the Notice and Civil Case Management Plan ("CCMP") form to defendant's attorney, which was required to be completed by the parties one week before the conference. (Dkt. 9.) If identity of counsel was unknown, then plaintiff's counsel was directed to send a copy of the notice and enclosure to the party personally, informing that any unrepresented party is required to appear at the conference in person on July 10, 2019. ("Statement"). (Id.) VTS's counsel, Ms. Grossman, followed the Notice's directions and on June 28, 2019, and had her paralegal send Zee at its registered address, 207 Regent Street, London W1B 3H, and by email to Zee's founder and managing director, Mr. Mayet at rahim@zeetelecoms.co.uk, a cover letter containing the Statement and the following enclosures: (1) copy of the Notice, (2) CCMP form, and (3) a cover letter to the Court with the enclosed courtesy copy of the complaint and Rule 7.1 statement, as also was required by the Notice. (Grossman Dec. Ex. 6.) In the cover letter, VTS also asked Zee to advise VTS's counsel when they were available to discuss the CCMP as required by Fed. R. Civ. P. 26(f). (Id.)

On July 2, 2019, Ms. Grossman sent an email to Mr. Mayet at rahim@zeetelecoms.co.uk requesting that she be contacted about completing the CCMP form, which she completed and attached to the email. (Id. at Ex. 7.) This was the first time Ms. Grossman sent an email to rahim@zeetelecoms.co.uk, as she was just notified of Mr. Mayet's email on June 27, 2019. (Id. at ¶ 12.) On July 8, 2019, Mr. Mayet responded in a lengthy email to VTS's counsel acknowledging the Agreement and outstanding balance, claiming that Zee could not pay the

4

outstanding balance until its customer paid them, and offered a proposed settlement. (Grossman Dec., Ex. 7.) Mr. Mayet's email repeatedly referenced the pending litigation by writing "in order to save time and costs for all parties involved, we would like to settle this matter outside the Courts," and that he wanted "to find an amicable solution with the needs for courts." (Id.) Mr. Mayet closed his email with a request for an extension in the pending litigation, "[i]n light of the above, it would have merit, on both sides, for a less litigious approach on the above matter and for your client to agree a further extension of 28 days to find a suitable settlement plan. Please confirm agreement to the above." (Id.) On July 8, 2019, the same day as Mr. Mayet's email, Mr. Mayet's settlement proposal and request for extension was denied because VTS viewed both of them as a continuation of the ongoing dilatory tactics which would result in non-payment. (Id.)

On July 10, 2019, the Initial Pretrial Conference took place. (Min. Entry.) On that same date, VTS filed an Affirmation for Judgment by Default and proposed Clerk's Certificate of Default, which was executed by the clerk and filed on July 11, 2019. (Dkt. 13, 15.) On July 11, 2019, this Court signed the Default Judgment in the amount of $373,132.75, which includes the amount owed, monthly interest on late payments, and costs pursuant to 28 U.S.C. § 1920. (Dkt. 16.)

On October 30, 2019, VTS assigned all of its rights to recovery subject to subrogation to Allied World Specialty Insurance Company ("AWAC"). (Weale Dec. ¶ 3, Ex. CAW1.) Its, counsel, Kennedys Law LLP ("Kennedys"), prepared the statutory demand under Section 123(1)(a) of the Insolvency Act 1986, which allows a creditor to enforce a foreign judgment by demanding the judgment amount to be paid in full within twenty-one days before the creditor may present a winding-up petition to the Companies Court in The High Court. (Id. ¶ 4, Ex. CAW2.)

5

The statutory demand requires service by a process server in the UK. (Weale Dec. ¶ 4.) Upon Kennedys' instruction, process server Anthony Booth ("Mr. Booth") went to Zee's registered office at 207 Regent Street, London W1B 3HH on October 20, 2020. (Id. at ¶ 5, Ex. CAW2.) Upon entering the building, Mr. Booth was advised by three males that there was a virtual office on the third floor called "Hold Everything," but he was unable to get a response from the bell. (Id.) He left the documents next to the pigeon holes on the ground floor of the building. (Id.) On November 6, 2020, Zee's UK counsel emailed a letter to Kennedys regarding the statutory demand. (Id. at ¶ 8, Ex. CAW4) In its letter, Zee's UK counsel did not contest service of the statutory demand. (Id.)

## ARGUMENT

### POINT I

**PERSONAL JURISDICTION OVER ZEE EXISTED AT THE TIME THE COURT ORDERED THE DEFAULT JUDGMENT AND SHOULD NOT BE VACATED UNDER FED. R. CIV.P. 60(b)(4).**

**A.  VTS's Service On Zee Constitutes Effective Service Under Fed. R. Civ. P. 4(h)(2) And, By Extension, 4(f).**

Fed. R. Civ. P. 4(h)(2) permits service on a foreign company:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> * * *
>
> **(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

The manner of service prescribed by Fed. R. Civ. P. (4)(f)(1) is as follows:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person

6

whose waiver has been filed--may be served at a place not within any judicial district of the United States:

> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

The United States and the United Kingdom are signatories to the Hague Convention and compliance is mandated in all cases in which it applies. *Baskett v. Autonomous Research LLP*, 2018 WL 4757962, at *12 (S.D.N.Y. Sept. 28, 2018); *citing Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S. Ct. 2104, 2111 (1988).

Under the Hague Convention, service can be conducted in various ways including: (1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state." *Burda Media v. Viertel,* 417 F.2d 292, 300 (2d Cir. 2005). With respect to service pursuant to the internal laws of the state, the Hague Convention specifically provides, "[t]o the extent that the internal law of a contracting state permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361. Thus, service consistent with the laws of the United Kingdom is acceptable service under the Hague Convention and has been deemed acceptable service by this Court in another action where VTS obtained a default judgment against a UK party that failed to pay its outstanding balance. *Voice Tele Services, Inc. v. Impex Communication Ltd.*, Civ. 19-cv-5245 (VEC) (S.D.N.Y. 2019) Dkt. 14-16.

In the United Kingdom, service on a foreign company is governed by Part 6 of the CPR supplemented by Practice Direction 6A, and the Companies Act, as provided for in CPR Rule

7

6.3(2)(a) and (b). *Voice,* Civ. 19-cv-5245 (VEC) at Dkt. 15, Declaration of Simon Terry, dated July 16, 2019 ("Terry Dec.") ¶¶ 6-7, Ex. SJT1. For service under the CPR, CPR Rule 6.3(1)(c) provides for service by leaving it at a place specified in CPR Rules 6.7, 6.8, 6.9 or 6.10. (Terry Dec. at ¶ 8.) CPR Rule 6.8(a) provides, "the defendant may be served with the claim form at an address which the defendant resides or carries on a business within the UK or any other EEA state and which the defendant has given for the purposes of being served with the proceedings." (Id. at ¶ 9.) In accordance with CPR Rule 6.3(2)(b), Section 1139(1) of the Companies Act supports the provision of CPR Rule 6.8(a), which states, "[a] document may be served on a company registered under this Act by leaving it at, or sending it by post, to the company's registered office." (Id. at ¶ 10, Ex. SJT1.) Section 1139(3) goes on to explain that: "[f]or the purposes of this section a person's "registered address" means any address for the time being shown as a current address in relation to that person in the part of the register available for inspection." (Id. at ¶ 11, Ex. SJT 1.) The prescribed register is the Register of Companies which is held at Companies House and available online. (Id. at ¶ 12.) The company need not conduct business or be present at the registered address, and in many cases the registered office will be the company's accountant, auditor or solicitor. (Id. at ¶ 13.) Therefore, under the United Kingdom's CPR and Companies Act, leaving documents at a company's registered address is good service under UK law, the Hague Convention, Rule 4(f) and by extension Rule 4(h) under this Court's previous ruling. (*Voice,* Civ. 19-cv-5245 (VEC) at Dkt. 15, Terry Dec., ¶¶ 6-7, 15, Ex. SJT1; Dkt. 16.)

VTS's service of the Summons and Complaint on Mr. Cooper, Director of Hold Everything, located at 207 Regent Street, London, W1B 3HH, constitutes effective service under Fed. R. Civ. P. 4(h)(2) and by extension, 4(f). Zee is a UK private limited company and service must comply with the Hague Convention, which permits service under the internal laws of the

8

United Kingdom. (Dkt.1 (Compl.) ¶ 5; *Voice*, Civ. 19-cv-5245 (VEC) at Dkt. 15, Terry Dec. ¶ 5; Grossman Dec. Ex. 1; Weale Dec. Ex. CAW3.) UK law provides that leaving documents at a Company's registered office, which is the current address on the Companies House Register of Companies, constitutes effective service. *See* pp. 7-8 *supra.* VTS followed UK law by taking the following steps:

1. a search of Companies House, for Zee's registered office, revealed that on December 5, 2018, Zee changed its registered office from its office at 225 Marsh Wall, London E14 9FW, United Kingdom to 207 Regent Street London W1B 3HH, United Kingdom. (Grossman Dec. Ex. 1.)

2. On June 12, 2019, Mr. Rozario went to Zee's registered office on the third floor of 207 Regent Street, London, England, W1B 3HH and was greeted by Mr. Cooper, Director of Hold Everything. (Dkt. 8; Grossman Dec. Ex. 3.) Mr. Rozario left the summons and Complaint with Mr. Cooper. (Dkt. 8; Grossman Dec. Ex. 5.)

Hold Everything at 207 Regent Street, London, England W1B 3HH is Zee's registered business address because there are no other businesses physically on the third floor other than Hold Everything, and Zee has a virtual office services account with Hold Everything, which they obtained from CityOffice. (Cooper Dec. ¶¶ 3, 8-9.) Thus, VTS's leaving of the Summons and Complaint at Zee's registered office as provided by the Companies House's Register of Companies constitutes proper service under United Kingdom law, which in turn is considered proper service under the Hague Convention, which in turn is considered proper service under Fed. R. Civ. P. 4(f) and 4(h)(2). *See Baskett*, 2018 WL 4757962, at *14.

9

Zee's legal analysis makes a broad assertion that service was not properly made under the Hague Convention, but does not delve any further as to proper service under those provisions. (Def. Mem. at 4.) Instead, Zee cites *Fallman v. Hotel Insider, Ltd.,* 2016 U.S. Dist. LEXIS 140158 *5 (S.D.N.Y. October 7, 2016) where service at 24 Clonmel Road was not effective when the defendant lived at 2A Clonmel Road. This case it totally inapposite to the case at bar. According to Companies House, Zee's registered address is 207 Regent Street, London, England W1B 3HH. (Grossman Dec. Ex. 1.) Zee was served at that address on the third floor, the floor it contends its registered office is located. (Mayet Aff., Exhibit A; Dkt. 8; Grossman Dec. Ex. 5.) Zee also cites *GMA Accessories, Inc. v. BOP, LLC*, 2008 U.S. Dist. LEXIS 26120 (S.D.N.Y. Mar. 20, 2008), which is also inapplicable because in that case defendant was not served at its "dwelling or usual place of abode" as required by Rule 4(e)(2)(B), not Rule 4(f), and by extension 4(h)(2), the relevant and undisputed service rules in this action.

**B.     Zee Bears the Burden of Proof That Proper Service Did Not Occur.**

In *Burda,* the Second Circuit held "that on a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." *Burda*, 417 F.3d at 299. The Second Circuit explained the reasoning behind its holding:

> Then District Judge José Cabranes aptly remarked that placing the burden on the defendant reflects "the concerns of comity among the district courts of the United States, the interest in resolving disputes in a single judicial proceeding, the interest of the plaintiff in the choice of forum, and the fear of prejudice against a plaintiff who, owing to delay, might in subsequent collateral proceedings no longer have evidence of personal jurisdiction that existed at the time of the underlying suit." *Miller,* 779 F.Supp. at 210-11 (citing *Rohm Haas Co. v. Aries,* 103 F.R.D. 541, 543 (S.D.N.Y. 1984)). We need say no more.

10

*Burda,* 417 F.3d at 299. The Second Circuit also held that service of process complied with the Hague Convention and that defendant received the summons, "his affidavit to the contrary notwithstanding." *Id..* 417 F.3d at 295. With respect to defendant's argument that he did not receive the summons, the Second Circuit noted that defendant offered only his affidavit and "the district court, as fact-finder, had ample evidence from which to conclude that [defendant's] affidavit lacked credibility," including his two-year delay in moving to vacate for improper service in October 2003, despite his knowledge of the default judgment since 2001 at the latest. *Burda*, 417 F.3d at 295, 302.

Under the Second Circuit's opinion in *Burda*, Zee has the burden of proof to establish that service did not occur because Zee, as the defaulting defendant, unquestionably had actual notice of the original proceeding, as evidenced by Mr. Mayet's July 8, 2019 lengthy email to VTS's counsel requesting a twenty-eight day extension of the pending litigation to settle the matter. (Grossman Dec. Ex. 7.) Given that Zee had actual notice on July 8, 2019 and delayed making its motion until almost seventeen months later on December 1, 2020, presumably made once Mr. Mayet realized that the judgment was going to be enforced and his company was facing a winding-up petition in the UK, Zee has the burden of proof to show service was not made, which as shown below, it has failed and cannot meet. (Weale Dec. Ex. CAW2; Grossman Dec. Ex. 7.)

**C.     Zee Failed To Meet Its Burden Of Proof Because
        The Sole Declaration Lacks Credibility And Evidence.**

Like in *Burda*, Zee relies on a single affidavit of Mr. Mayet, Zee's founder and director, which the district court, as fact-finder, should find lacks credibility and evidence that Zee was not served with the summons and Complaint. First, Mr. Mayet claims that the building ground floor is filled with retail business stores and there are forty-six other companies throughout the different floors of the building. (Mayet Dec. ¶ 6.) However, Mr. Mayet's declaration does not disclose

11

whether this address is Zee's actual place of business, all he attaches is an exhibit showing that he informed VTS that Zee's "address" is on the third floor.[1] (Mayet Dec., Ex. A.) Thus, Zee has not met its burden of proof showing it has an actual operating office at 207 Regent Street separate from Hold Everything's virtual offices that should have been served. Second, Mr. Mayet's only evidence that Zee has no connection with Hold Everything is his word. (Id. at ¶¶ 8-10.) In order for Zee to meet its burden of proof, Mr. Mayet should have proffered evidence from Hold Everything that Zee does not utilize its services. It has not done so. Based on the foregoing, Mr. Mayet's declaration, the sole evidence supporting Zee's motion, should be deemed lacking credibility and evidence, and thus, Zee has not met its burden of proof to demonstrate that it was not properly served.

        **D.**        **VTS's Evidence Demonstrates That Zee Cannot Sustain Its Burden of Proof.**

Also like in *Burda*, this Court as fact-finder here has ample evidence presented by VTS demonstrating that Zee cannot meet its burden of showing that service was improper. First, the process server went to the third floor at 207 Regent Street, the same registered address and floor Zee insists is the place of its registered address, which is the location of virtual office, Hold Everything. (Dkt. 8; Grossman Dec. Exs. 1, 3; Cooper Dec. Ex. 3; Mayet Dec. Ex. B; Def. Mem. at 5.) Second, Hold Everything at 207 Regent Street is Zee's registered business address because there are no other business physically on the third floor other than Hold Everything, and Zee has a virtual office services account with Hold Everything. (Cooper Dec. ¶¶ 3, 8.) Third, Mr. Mayet claims that Zee was served with the Statutory Demand, dated October 20, 2020. (Mayet Dec. ¶ 11.) When the process server went to Zee's registered office at 207 Regent Street, London W1B

---

[1] In its brief, Zee claims that it operates on the third floor, but proffered no evidence to substantiate that claim, or that operates independently from Hold Everything's virtual offices on the third floor. (Def. Mem. at 5.)

12

3HH on October 20, 2020, he was advised by three males entering the building that there was a virtual office on the third floor called "Hold Everything," but he was unable to get a response from the bell. (Weale Dec. ¶ 5, Ex. CAW2.)  He left the documents next to the pigeon holes on the ground floor of the building, and Mr. Mayet claims Zee was served with those documents. (Id. at ¶¶ 5, 8, Exs. CAW 2, CAW 4.)  Furthermore, service was not contested by Zee's UK counsel. (Weale Dec. Ex. CAW4; Mayet Dec. Ex. 11.)  Thus, service on Hold Everything constitutes good service on Zee. Given all of the foregoing affirmative evidence proffered by VTS, it is clear that Zee was properly served by leaving the documents at the registered address on Companies House in accordance with UK service law (*see pp. 7-8, supra*), which is acceptable service under the Hague Convention, Rule 4(h)(2) and by extension Rule 4(f).

    E. **<u>VTS's Service on Zee Satisfied Constitutional Due Process.</u>**

In addition to VTS's service complying with the aforementioned laws, its service on Zee also satisfies due process which requires "notice reasonably calculated . . . to apprise interested parties of the pendency of the action." *Burda*, 417 F.3d at 303 (citations omitted).  This is evident through this Court upholding service in the UK on a registered address where service of the summons and complaint was accepted on behalf of the defendant. *Voice*, Civ. 19-cv-5245 (VEC) at Dkt. 14-16.  Similar to VTS's service in the *Impex* case, the process server went to the registered office on Companies House, an office where the defendant did not actually operate, and was met by an agent of the registered office who accepted and forwarded the documents to defendant. (*Voice*, Civ. 19-cv-5245 (VEC) at Dkt. 14-16; Grossman Dec. Ex. 5, Dkt. 8.)  Zee claims that service was made on Mr. Cooper, another director of a company with no connection to Zee, is not service reasonably calculated to provide notice (Def. Mem. at 6), but Zee has evidence that Zee had an account with Hold Everything which had Zee's forwarding address and forwarded the

13

summons and Complaint to Zee.  (Cooper Dec. ¶¶ 5, 8-9; Grossman Dec. Ex. 5.)  Zee also doubles down on its contention that service was not reasonably calculated to provide notice by claiming that "Zee had no knowledge of any pending litigation action in New York until only very recently. It cannot be inferred or believed that Zee possessed any sort of knowledge."  That assertion is patently false.  Mr. Mayet responded to VTS's counsel's email regarding the CCMP on July 8, 2019, requesting the parties to settle and requesting a twenty-eight day adjournment of the litigation at the time.  (Grossman Dec. Ex. 7.)  This evidence alone casts heavy doubt on Zee's and Mr. Mayet's veracity with respect to its claims that it did not receive notice, and coupled with Mr. Cooper's Declaration that Hold Everything has a virtual office account for Zee, should be sufficient basis for denying Zee's motion to vacate the default judgment.

## CONCLUSION

For all the foregoing reasons, the Default Judgment entered against Defendant Zee Telecoms Ltd. should not be vacated pursuant to Fed. R. Civ. P. (b)(4) because the summons and Complaint were properly served pursuant to Fed. R. Civ. P. 4(h)(2) and, by extension, 4(f).

Dated:  Atlanta, Georgia
        December 29, 2020

                          ROSENFELD LAW, PLLC

                        By: */s/ Shira Rosenfeld Grossman*
                            Shira Rosenfeld Grossman (SG 5392)
                            6309 Mount Vernon Oaks Drive
                            Atlanta, Georgia 30328
                            Email: shira@outgc.com
                            Telephone: (646) 637-3226

                            *Attorneys for Allied World Assurance Specialty Insurance Company, Assignee of All Claims Asserted in This Action by Plaintiff Voice Tele Services Inc.*

To: Gehi & Associates
    Attorneys for Zee Telecoms Ltd.
    (by ECF)