```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
VOICE TELE SERVICES, INC,                :      19 Civ. 5257
                                         :
     Plaintiff,                          :
                                         :
        -v-                              :
                                         :      MEMORANDUM ORDER
ZEE TELECOMS LTD,                        :
                                         :
     Defendant.                          :
----------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On July 12, 2019, the Court entered default judgment in favor of plaintiff Voice Tele Services Inc. ("VTS") against defendant Zee Telecoms Ltd. ("Zee"). Dkt. No. 16. Now before the Court is Zee's motion to vacate the default judgment order under Federal Rule of Civil Procedure 60(b)(4) on the basis that the default judgment is void for lack of personal jurisdiction, specifically improper service of process. For the reasons set forth below, the motion is denied.

**Background**

On June 4, 2019, VTS filed a two-count complaint against Zee, a United Kingdom company, for breach of contract and account stated. See Dkt. No. 1. The complaint alleged that Zee failed to pay for $350,378.93 in telecommunication services rendered by VTS to Zee under the terms of the parties' agreement. Id. ¶ 1. On June 17, 2019, VTS filed a declaration of service in which a process

1

server affirmed that he served Zee by leaving a copy of the summons, complaint, and the attached exhibit, with "Mr. Cooper, Director of Hold Everything at Zee's registered office, located at 207 Regent Street, London, England, W1B 3HH, which is designated by law to accept service of process on behalf of Zee." Dkt. No. 8, ¶ 2. Later that month, counsel for VTS emailed Zee's founder, Rahim Mayet, copies of the summons and complaint. See Declaration of Shira Rosenfeld Grossman ("Grossman Decl."), Dkt. No. 23, ¶¶ 10, 11, Exs. 6 & 7. Mr. Mayet responded to the email on July 8, 2019, requesting a twenty-eight-day extension of the pending litigation. See id. at Ex. 7. VTS declined to consent to such an extension. Id.

Despite Mr. Mayet's email indicating his notice of the proceeding, Zee failed to appear at the initial pretrial conference on July 10, 2019. That same day, VTS moved for default judgment in the amount of $373,132.75, which included the amount allegedly owed under the parties' agreement, plus interest and costs. Dkt. Nos. 13 & 15. The Court granted the motion on July 11, 2019. Dkt. No. 16. On October 30, 2019, VTS assigned its rights to recovery subject to subrogation to Allied World Specialty Insurance Company, which filed and served a statutory demand to enforce the judgment on October 20, 2020. See Witness Statement of Carlyn Anne Weale, Dkt. No. 24.

2

On December 1, 2020, Zee filed the instant motion to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) on the basis that the default judgment is void for lack of personal jurisdiction, specifically improper service of process. Dkt. No. 18.

**Legal Standard**

Under Federal Rule of Civil Procedure 60(b)(4), a district court may relieve a party from a final judgment if "the judgment is void." A default judgment "obtained by way of defective service is void ab initio and must be set aside as a matter of law." Howard Johnson Intern., Inc. v. Wang, 7 F. Supp. 2d 336, 339 (S.D.N.Y. 1998).[1] "[O]n a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." Burda Media, Inc. v. Viertel, 417 F.3d 292, 299 (2d Cir. 2005).

Zee contends that it had "no knowledge that an actual complaint had actually been filed and a summons issued." Defendant's Memorandum of Law in Reply to Plaintiff's Opposition of Motion to Vacate ("Def. Reply"), Dkt. No. 26, at 3. But Mr.

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

Zayet's emails to counsel for VTS make clear that he was put on notice of the instant action. Because Zee had actual notice of the underlying proceeding, it bears the burden of proving that the purported service did not occur.

## Discussion

As mentioned, Zee is a United Kingdom company. Federal Rule of Civil Procedure 4(h)(2) governs service upon companies in a foreign country. The rule incorporates Federal Rule of Civil Procedure 4(f)(1) and allows for service of process "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention." Because the United States and the United Kingdom are both signatories to the Hague Convention, service of process on Zee is governed by the Hague Convention. The Hague Convention provides for several alternate methods of service, including, as relevant here, "service pursuant to the internal laws of the state." Burda, 417 F.3d at 300. In addition to the Hague Convention, "service of process must also satisfy constitutional due process," which requires "notice reasonably calculated to apprise interested parties of the pendency of the action." Id. at 303.

In the United Kingdom, service on a foreign company is governed by Part 6 of the Civil Procedure Rules (the "CPR"). Under Rule 6.3(2), a company may be served by any method permitted either under Part 6 of the CPR or under the Companies Act 2006. Rule 6.8

4

provides that a defendant may be served by leaving the papers at an address which the defendant . . . carries on business within the UK . . . and which the defendant has given for the purposes of being served with the proceedings." Likewise, Section 1139(1) of the Companies Act provides that a "document may be served on a company registered under this Act by leaving it at, or sending it by post, to the company's registered office." Section 1139(3) goes on to explain that a person's "registered address" means "any address for the time being shown as a current address in relation to that person in the part of the register available for inspection." Thus, under the CPR and Companies Act, a plaintiff can effectuate service of process on a United Kingdom company by leaving the documents at the company's registered address.

Here, the process server affirmed that he served Zee by leaving the documents with "Mr. Cooper, Director of Hold Everything at Zee's registered office, located at 207 Regent Street, London, England, W1B 3HH." Dkt. No. 8, ¶ 2. Zee does not dispute that its registered address is 207 Regent Street, London, England, W1B 3HH. See Declaration of Rahim Mayet in Support of Defendants' Motion to Vacate Default Judgment ("Mayet Decl."), Dkt. No. 19, ¶ 5. But Zee maintains that service was nevertheless improper, for reasons that appear to have changed over the course of the briefing.

Initially, Zee argued that the purported service was improper because the papers were left with an unrelated company, Hold

5

Everything, that just so happened to also have an office at 207 Regent Street. See Memorandum of Law Supporting Defendants' [sic] Motion to Vacate Default Judgment Order ("Def. Mem."), Dkt. 20, at 5; see also Mayet Decl. ¶ 8 (affirming that Zee "has no business relationship, nor any mutual contacts with" Hold Everything). Zee suggested that, although "the number and location of the building are correct, Zee operates on the third floor." Id. Citing to Fallman v. Hotel Insider, Ltd., No. 14-cv-10140 (DLC), 2016 WL 5875031, at *4 (S.D.N.Y. Oct. 7, 2016), Zee maintained that service was insufficient because "service at the wrong address is not service."

This argument proved to be misleading. Along with its answering papers, VTS submitted a declaration from Richard Cooper, the director of Hold Everything, who explained that Hold Everything is a "virtual office company" that allows companies, including Zee, to use its physical address "as a registered business address even though they do not have a permanent physical presence at our location." Declaration of Richard Cooper ("Cooper Decl."), Dkt. No. 25, ¶ 4. He further explained that Hold Everything "obtained the virtual services account" for Zee from a third-party broker called CityOffice and that "[i]f Hold Everything received mail from [Zee], we would have sent it to the forwarding address Zee provided to CityOffice which is also in our files." Id. ¶¶ 8-10. In a subsequent declaration, Mr. Cooper clarified that Zee did not

6

provide a forwarding address but instead provided an email address for Mr. Mayet and asked to be notified when mail arrived. Supplemental Declaration of Richard Cooper ("Supp. Cooper Decl."), Dkt. No. 28, ¶ 11. Mr. Cooper also clarified that Hold Everything is the only company with office space on the third floor of 207 Regent Street. Cooper Decl. ¶ 2. Accordingly, VTS argues that Hold Everything's office at 207 Regent Street is Zee's registered office." Plaintiff Voice Tele Services Inc.'s Memorandum of Law in Opposition to Defendant's Motion to Vacate Default Judgment, Dkt. No. 22, at 9.

Faced with Mr. Cooper's declarations, Zee appears to change its story. Instead of suggesting that it operates from some independent office on the third floor of 207 Regent Street, Zee admits that it "has a contractual relationship with CityOffice, a company that maintains a physical office at the building and assists Zee with maintaining their registered address" and that Mr. Mayet "travels to 207 Regent Street to obtain deliveries." See Defendant's Memorandum of Law in Reply to Plaintiff's Sur-Reply Opposition of Motion to Vacate, Dkt No. 29, at 2-3. But Zee offers two reasons for why service was nevertheless improper. First, Zee argues that while it has a contractual relationship with CityOffice, it "conducts no business with Hold Everything," and "never authorized" Hold Everything to accept service on its behalf. Id. at 2-3. Second, even assuming that leaving the documents with

7

Hold Everything would have constituted effective service of process, Zee disputes the process server's affidavit and denies that the papers were actually left with Hold Everything. Id. 4-6.

The Court holds that Zee has failed to meet its burden of establishing that service was improper. Under United Kingdom law, the relevant question is whether the documents were left at Zee's registered address: 207 Regent Street, London, England, W1B 3HH. The process server affirmed that he left the documents at that address. Zee's misleading initial suggestion -- that the process server left the documents at the wrong office at that address -- has been decisively rebutted. There are no other offices on the third floor of 207 Regent Street, and Zee now concedes that it does not maintain a physical office but instead contracts with a virtual office provider to maintain its registered address at 207 Regent Street. That Zee does not directly contract with or expressly authorize Hold Everything to accept service on its behalf is beside the point. Zee cannot register a business address, and then contest service when the papers are left there. Therefore, service was properly effectuated by leaving the documents with Hold Everything at 207 Regent Street. And, given that Mr. Mayet regularly retrieved mail from that office, such service comported with due process.

Zee's remaining argument -- that the documents were not actually left with the Hold Everything -- is likewise unavailing.

8

A process server's sworn statement of service creates a presumption that service has been effectuated in the manner so described. Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002) (per curiam). While a defendant's affidavit denying service can "rebut[] the presumption of proper service established by the process server's affidavit and necessitate[] an evidentiary hearing," no hearing is required where "the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" or where "there is ample evidence from which [to] conclude that [the defendant's] statements lacked credibility. Id. at 58.

Here, Mr. Mayet does not swear to specific facts to rebut the process server's account. Instead, he claims that although he has "received other post at [207 Regent Street] before and after the service was said to have been completed," he "never received the summons and complaint that was apparently delivered to Mr. Cooper at [that address]." Declaration of Rahim Mayet in Support of Defendants' [sic] Motion to Vacate Default Judgment, Dkt. No. 30, ¶ 6. Other than this conclusory denial of having received a notification from Mr. Cooper, however, Mr. Mayet provides no specific facts to rebut the process server's account that he left the papers with Mr. Cooper. To the contrary, Zee itself submitted an email correspondence with CityOffice in which CityOffice confirms that in "June 2019, a process server walked into the 207

9

Regent Street office with legal papers for [Zee]" and spoke with Mr. Cooper, who "would have" confirmed that the office was the registered address for Zee, and that the documents were "either held for collection or forwarded on." Dkt. No. 30-1. Whether or not Mr. Cooper ever actually notified Mr. Mayet is ultimately beside the point. Service is effectuated upon leaving the documents at Zee's registered address, not upon Mr. Mayet's retrieval of them. Cf. Vega v. Trinity Realty Corp., No. 14-cv-7417 (RJS), 2021 WL 738693, at *5 (S.D.N.Y. Feb. 24, 2021) ("Service was complete . . . when [plaintiff] delivered the complaint and summons to the Secretary of State. That remained true regardless of whether [defendant] received actual notice of the lawsuit.").

Moreover, there is ample evidence to conclude that Mr. Mayet's denial lacks credibility. His initial statement that Zee has no "business relationship, nor any mutual contacts" with Hold Everything was, at best, highly misleading. Although Mr. Mayet states that he wasn't aware that Hold Everything contracted with CityOffice, Mr. Cooper explained that in the building directory on the ground floor and when walking into the office, the signage reads, "Hold Everything." Supp. Cooper Decl. ¶ 6. More generally, Zee's shifting story throughout this motion justifies discounting Mr. Mayet's statements that he never received a notification from Hold Everything. Therefore, the Court credits the process server's affidavit, discredits Mr. Mayet's statements, and finds that the

documents were left with Hold Everything at Zee's registered business address.

In sum, the Court finds that Zee was properly served pursuant to the Hague Convention and, hence, Federal Rule of Civil Procedure 4(h)(2). Zee's motion to vacate the default judgment is therefore denied. The Clerk of the Court is directed to close the entry at docket number 18.

SO ORDERED.

Dated: New York, NY
       March 12, 2021

_____
JED S. RAKOFF, U.S.D.J.